**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NEWT CAVER,

           Petitioner,           Case Number: 2:07-CV-11730

v.           HON. VICTORIA A. ROBERTS

JAN TROMBLEY,

           Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT, AND (3) DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Newt Caver (Petitioner) is incarcerated pursuant to state court convictions for second-degree murder and possession of a firearm during the commission of a felony. Respondent, through the Attorney General's office, has filed a Motion for Summary Judgment on the ground that the petition was not timely filed. Petitioner also has filed a Motion for Summary Judgment. For the reasons which follow, Respondent's Motion will be granted and Petitioner's denied.

**I.**

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of the above-listed offenses. On December 19, 1994, he was sentenced as a second habitual offender to 30 to 60 years' imprisonment for the second-degree murder conviction, to be served consecutively to two years' imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Caver*, No. 182865 (Mich. Ct. App.

Sept. 17, 1996).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Caver*, 456 Mich. 859 (Aug. 29, 1997).

In 1998, Petitioner filed a motion for resentencing in the trial court. The trial court denied the motion. *People v. Caver*, 94-000767-01 (Wayne County Cir. Ct. Aug. 17, 1998).

Petitioner filed a motion for relief from judgment in the trial court in May 2006. That motion was denied. *People v. Caver*, 94-000767-01 (Wayne County Cir. Ct. May 19, 2006). Petitioner filed an application for leave to appeal the trial court's denial in the Michigan Court of Appeals. The application was dismissed for lack of jurisdiction. *People v. Caver*, No. 272193 (Mich. Ct. App. Sept. 8, 2006). Petitioner did not file an application for leave to appeal in the Michigan Supreme Court. *See* Affidavit of Corbin R. Davis, Clerk, Michigan Supreme Court, 9/18/07.

Petitioner filed the pending petition for a writ of habeas corpus on March 13, 2007.

## II.

### A.

Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") imposes a one-year limitations period on habeas corpus petitions. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The time during which a prisoner seeks

state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In this case, Petitioner's time for filing a petition for a writ of certiorari in the United States Supreme Court began to run on August 30, 1997, the day after the Michigan Supreme Court denied leave to appeal his conviction. *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (citing Supreme Court Rule 30 which states that in calculating the ninety-day window for filing a petition for writ of certiorari, "the day of the act, event, or default from which the designated period begins to run is not included"). The ninety-day period during which Petitioner could petition for a writ of certiorari concluded on November 28, 1997. The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. Id. at 285. Accordingly, the limitations period commenced on November 29, 1997. Petitioner filed a motion for resentencing with the trial court in 1998. That motion, a properly filed motion for collateral review, tolled the limitations period. It is not evident from the record before the Court on what date in 1998 Petitioner filed that motion. The Court will assume for purposes of this analysis that Petitioner filed the motion as early as possible in 1998, January 2, 1998. Thus, the statute of limitations was tolled after 35 days had elapsed.

The trial court denied Petitioner's motion for resentencing on August 17, 1998. *People v. Caver*, 94-000767-01 (Wayne County Circuit Court Aug. 17, 1998). Petitioner did not appeal the denial of this post-conviction motion to the Michigan Court of Appeals. This motion

3

therefore ceased to be pending, and the limitations period resumed running, on August 17, 1999, when the one year period for filing an application for leave to appeal with the Michigan Court of Appeals expired. *See Palmer v. Lavigne*, 43 Fed. Appx. 827, 828 & n. 1 (6th Cir.2002). The limitations period continued to run, uninterrupted, until July 11, 2000.

Petitioner sought further state collateral review of his conviction by filing a motion for relief from judgment in the trial court. However, Petitioner's motion for relief from judgment was not filed until May 2006, almost six years after the limitations period already had expired. Thus, the petition is untimely.

Petitioner also has filed a Motion for Summary Judgment in which he argues that newly discovered evidence establishes that he was in prison at the time the murder was committed and, therefore, is innocent. "Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), citing *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Actual innocence can be a basis for equitable tolling when a petitioner "can present new evidence which undermines this court's confidence in the outcome of the trial." *Souter v. Jones*, 395 F.3d 577, 600 (6th Cir.2005). "Where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Id.* at 602. "[T]he threshold inquiry is whether 'new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" *Id.* at 590, *quoting Schlup v. Delo*, 513 U.S. 298, 317 (1995). "To be credible, [a claim of actual

4

innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Id.*, at 324. In this case, Petitioner's argument that he was in prison at the time the murder was committed was available to him at the time of trial and, therefore, does not qualify as new evidence. Moreover, the trial court, in denying Petitioner's motion for relief from judgment, held that the record failed to establish that Petitioner was in prison when the offense occurred. *People v. Caver*, slip op. at 3. Therefore, the Court concludes that Petitioner's actual innocence argument is insufficient to warrant equitable tolling.

Petitioner has failed to allege any circumstances which would warrant equitable tolling of the limitations period. Accordingly, Petitioner's application for a writ of habeas corpus is barred by the one-year statute of limitations.

**B.**

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). The Court concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

5

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

### III.

For the foregoing reasons, the Court concludes that the habeas corpus petition was filed outside the one-year limitations period prescribed in 28 U.S.C. § 2244 (d)(1)(A). Further, the Court concludes that Petitioner has failed to establish that he is entitled to equitable tolling of the limitations period.

Accordingly, **IT IS ORDERED** that the Respondent's Motion for Summary Judgment is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 2244(d)(1)(A).

**IT IS FURTHER ORDERED** that Petitioner's Motion for Summary Judgment is **DENIED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 28, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on July 28, 2008.

s/Carol A. Pinegar
Deputy Clerk